1

2

3

4

5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                     FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| 10 | IN RE ) | Bankruptcy Case |
| | ) | No. 10-63518-fra13 |
| 11 | LORRI ANN VINEYARD, ) | |
| | Debtor. ) | |
| 12 | ) | |
| | TAMARA VINEYARD, ) | |
| 13 | Plaintiff, ) | |
| | ) | |
| 14 | vs. ) | Adversary Proceeding |
| | ) | No. 10-6168-fra |
| 15 | LORRI ANN VINEYARD, ) | |
| | Defendant. ) | Memorandum Opinion[1] |

16

17         Plaintiff filed this adversary proceeding, seeking a declaration that she is the owner of certain

18 property in the possession of Defendant or, in the alternative, imposition of a constructive trust on assets of

19 the Defendant.  Defendant filed a motion for summary judgment.  For the reasons that follow, Defendant's

20 motion will be denied.

21                              BACKGROUND

22     Complaint

23         The Plaintiff, Tamara Vineyard, was married to Garry Vineyard from 1974 until they divorced in

24 2001.  Mr. Vineyard was ordered to pay indefinite spousal support pursuant to the Judgment of Dissolution,

25 _____

26         [1]This Memorandum Opinion is designated as not for publication.

Page 1 -  Memorandum Opinion

1  which also required that he "maintain the current life insurance policy with wife as the named beneficiary so

2  long as he is required to pay spousal support."  Mr. Vineyard's life was insured for $230,000 and Tamara

3  Vineyard was the named beneficiary when the parties were divorced on January 12, 2001.

4  In 2006, Mr. Vineyard married the Defendant Lorri Vineyard and, at some point, changed the

5  designation of the  beneficiary on his life insurance policy to name the Defendant.  When Mr. Vineyard died,

6  his insurance paid a death benefit to the Defendant in the approximate amount of $315,000.  The proceeds of

7  the insurance policy were expended in a number of ways,  including a motor vehicle and motorcycles. The

8  Defendant filed a Small Estate Affidavit in Linn County Circuit Court, but did not include the life insurance

9  as an asset of the estate.

10  Plaintiff filed a lawsuit in Benton County Circuit Court to recover the $230,000 life insurance benefit.

11  The parties agreed to settle the claim and a Stipulated General Judgment of Dismissal was entered on

12  January 21, 2009.  It provided for an immediate payment to Plaintiff of $100,000 and $67,500 to be paid

13  within 90 days of the note and trust deed used to secure the unpaid portion.  In exchange for the money and

14  note, Plaintiff released Defendant of "any and all claims they have or may have as a result of the death of

15  Garry Vineyard on September 1, 2007 including any and all claims for life insurance based on the life of

16  Garry Vineyard."

17  Unbeknownst to Plaintiff, the real property securing her deed of trust was subject to a pending

18  foreclosure at the time of the Stipulated General Judgment of Dismissal.  Defendant thereafter allowed the

19  property to be foreclosed and Plaintiff's security interest was eliminated.  When Defendant failed to pay the

20  $67,500 to Plaintiff within the time required, Plaintiff filed a lawsuit for breach of contract in Linn County

21  Circuit Court and obtained a default judgment for $67,500.  More litigation ensued, this time in the form of a

22  contempt proceeding after Defendant failed to show for a debtor's exam.  Before the contempt matter was

23  heard there was a second settlement, wherein Defendant promised to pay the balance and to secure her

24  promise with various assets. The settlement was entered into the official court record in the Linn County

25  case. Defendant never followed through, and actually stopped payment on a $20,000 check.  Two months

26  // // //

Page 2 -  Memorandum Opinion

1  after the second agreement, and before more contempt proceedings could be heard, Defendant filed her

2  bankruptcy petition.

3       Motion for Summary Judgment

4       Defendant relied entirely on selected allegations of the Complaint in her required Statement of

5  Material Facts on which the court is to base its decision for purposes of summary judgment, to wit:

| Material Fact | Treatment In Answer |
|---|---|
| 1. Plaintiff was married to Garry Vineyard in 1974 and divorced in 2001. | Denied. |
| 2. A judgment of dissolution was entered in Linn County on 1/12/2001 between Garry Vineyard and Plaintiff requiring Mr. Vineyard to maintain his life insurance policy with Plaintiff as named beneficiary. | Denied. |
| 3. Mr. Vineyard subsequently married Defendant and changed the beneficiary to that of the Defendant. | Denied. |
| 4. Defendant received life insurance proceeds upon the death of Mr. Vineyard pursuant to a valid life insurance policy. | Denied. |
| 5. Plaintiff filed suit against Defendant in Benton County Circuit Court to recover the amount she claimed she is owed pursuant to the divorce decree. | Admitted. |
| 6. Plaintiff and Defendant settled the case by filing a stipulated judgment on January 21, 2009. | Denied. |
| 7. The Judgment provided that Plaintiff and Defendant settled any claim that either would have arising out of the death of Garry Vineyard for a general judgment and dismissed the action with prejudice. | Admitted. |
| 8. Defendant [s/b Plaintiff] made several attempts to collect as a general unsecured creditor through state court proceedings. | Denied. |
| 9. Defendant filed bankruptcy on June 10, 2010. | |
| 10. Defendant [s/b Plaintiff] was scheduled as a general unsecured creditor. | |

// // //

Page 3 -  Memorandum Opinion

1  Defendant argues that the bankruptcy court lacks jurisdiction over the subject matter of the

2  Complaint or, in the alternative, that Plaintiff's claim is subject to preclusion by virtue of the Stipulated

3  General Judgment of Dismissal entered in Benton County Circuit Court case.

4  PROCEDURAL ISSUES

5  Despite the fact that the majority of the material facts upon which Defendant bases her motion for

6  summary judgment were denied by Defendant in her Answer to the Complaint, Defendant asks the court to

7  assume they are true for purposes of her motion and to dismiss the Complaint on the same grounds given as

8  affirmative defenses in the Answer.  In Plaintiff's response to the motion for summary judgment, she merely

9  objects that the motion is not supported by admissible evidence.  Rather than be straightjacketed into

10  considering only the part of the Complaint that Defendant wants the court to consider, much of which was

11  denied by Defendant in her Answer, the court will treat the Defendant's motion for what it in reality is - a

12  motion for judgment on the pleadings under Fed.R.Civ..P. 12(c), made applicable by Fed.R.Bankr.P. 7012.

13  The following standards apply to judgment on the pleadings:

14  For purposes of a motion for judgment on the pleadings, "the allegations of the non-moving party

15  must be accepted as true, while  the allegations of the moving party which have been denied are assumed to

16  be false. . . .Judgment on the pleadings is proper when the moving party clearly establishes on the face of the

17  pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter

18  of law. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990)(citing

19  Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984)).  "However, judgment on the

20  pleadings is improper when the [court] goes beyond the pleadings to resolve an issue; such a proceeding

21  must properly be treated as a motion for summary judgment." Hal Roach Studios, Inc. at 1550(citing

22  Fed.R.Civ.P. 12(c)).

23  As to what material is included as part of the pleadings (and thus may properly be considered),

24  standards with regard to motions to dismiss under FRCP 12(b)(6) would most likely apply by analogy

25  because a court "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6)

26  motion....Material which is properly submitted as part of the complaint may be considered' on a motion to

Page 4 -  Memorandum Opinion

dismiss.'" <u>Branch v. Tunnel</u>, 14 F.3d 449, 453 (9th Cir. 1994)(citing <u>Hal Roach Studios</u>, 896 F.2d at 1555 n. 19). "A document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." <u>Branch</u> at 453(citing <u>Townsend v. Columbia Operations</u>, 667 F.2d 844, 848-849 (9th Cir. 1982)). "Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not actually attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." <u>Branch</u> at 454.

DISCUSSION

A. Claim Preclusion

The Stipulated General Judgment of Dismissal entered in the Benton County Circuit Court case included a release by Plaintiff and Defendant of "all claims they have or may have as a result of the death of Garry Vineyard on September 1, 2007 including all claims for life insurance based on the life of Garry Vineyard. The above case is dismissed with prejudice." However, the Plaintiff thereafter obtained a default judgment against Defendant in Linn County Circuit Court for $67,500 and a second settlement which was put in the court record for payment of the unpaid judgment. It does not appear that the default judgment or the second settlement contained a release of claims by the parties. It is also pertinent that the issue of ownership of the various personal property subject to the contempt order in the Circuit Court and the subject of this adversary proceeding was never litigated.

In <u>Archer v. Warner</u>, 538 U.S. 314 (2003), buyers of a business brought suit in state court against the sellers for fraud connected with the sale. Pursuant to a settlement agreement between the parties, the sellers executed a $100,000 promissory note and the parties executed mutual releases. The buyers then dismissed the lawsuit with prejudice. When the sellers defaulted on their payment of the note, buyers brought another suit in state court for payment of the note. Sellers then filed for bankruptcy and buyers brought an adversary proceeding asking the bankruptcy court to find that the $100,000 debt was nondischargeable as based on fraud. The bankruptcy court denied the buyers' claim and, on appeal, the Fourth Circuit held that the promissory note worked as a kind of "novation" that replaced the original debt with a new debt for money promised in the settlement agreement.

Page 5 - Memorandum Opinion

1    Citing Brown v. Felsen, 442 U.S. 127 (1979), the Supreme Court reversed the lower courts and held

2    that while "claim preclusion would bar [the plaintiff] from making any claim " 'based on the same cause of

3    action' that he had brought in state court, . . . it did not prevent the Bankruptcy Court from looking beyond

4    the state-court record and the documents terminating the state-court proceeding to decide whether the debt

5    was a debt for money obtained by fraud." Archer at 320 (internal citations omitted).

6    " 'Determining the nature and extent of property of the estate is . . . a fundamental function of the

7    bankruptcy court . . . [and] fundamental to the administration of a bankruptcy case.' In re Kincaid, 96 B.R.

8    1014, 1017 (9th Cir. BAP 1989). Since an action to obtain property of the estate would necessarily involve a

9    determination regarding 'the nature and extent of property of the estate,' the action would also be a matter

10   'concerning the administration of the estate,' and, therefore, a core proceeding. [citing 28 U.S.C. §

11   157(b)(2)(A)]."

12   To the extent that Plaintiff is seeking a determination of the "nature and extent of property of the

13   estate" in this adversary proceeding, a fundamental core bankruptcy function,  the bankruptcy court can, by

14   analogy to the holding in Archer v. Warner, look "beyond the state-court record and the documents

15   terminating the state-court proceeding" to determine Plaintiff's interest in property alleged by Defendant to

16   be property of the estate.  Moreover, the second settlement agreement by which certain personal property

17   alleged to be traceable to the proceeds of the insurance policy were pledged for payment of the $67,500

18   default judgment does not appear to have been subject to a release of claims.

19   A recent Oregon Supreme Court opinion held that where a marital dissolution agreement requires that

20   one spouse maintain a specified existing life insurance policy naming the ex-spouse as beneficiary, "the ex-

21   spouse thereby obtains an equitable property interest in the policy and its proceeds that is superior to the

22   legal right of any subsequently designated beneficiary who is not a bona fide purchaser for value without

23   notice." Tupper v. Roan, 349 Or. 211, 224-25, 243 P.3d 50 (2010)(internal citations omitted). Plaintiff would

24   thus have a superior property interest in the proceeds of the insurance policy (and any property directly

25   traceable to proceeds of the insurance policy) unless the person in possession is a bona fide purchaser for

26   value without notice of the obligation contained in the Judgment of Marital Dissolution.

Page 6 -  Memorandum Opinion

B. Subject Matter Jurisdiction

As stated above, a determination of the nature and extent of property of the estate is a fundamental core function of the bankruptcy court affecting the administration of the estate. Confirmation of the proposed plan of reorganization in Defendant's chapter 13 bankruptcy case was necessarily abated pending resolution of this adversary proceeding. That, by itself, is sufficient to show that resolution of the adversary proceeding has a direct effect on the administration of the estate. The court has subject matter jurisdiction in this proceeding.

## CONCLUSION

The Bankruptcy Court is not precluded by settlement agreements entered into by the parties in state court from determining the parties' interest in property of the estate. The settlement agreements, whereby contested matters were reduced to judgment, did not change the underlying nature of the property at issue. Defendant's motion for summary judgment, recharacterized by the court as a motion for judgment on the pleadings, will be denied. An order will be entered by the court consistent with this Memorandum Opinion.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

Page 7 - Memorandum Opinion